IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               No. CV 13-0609 MV/WPL
                                                 CR 10-2223 MV

KEVIN DWYER,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 37) filed on July 1, 2013. Defendant claims that his conviction should be set aside because the central provision of a criminal statute under which he was convicted is unconstitutional. The Court will dismiss the § 2255 motion as untimely.

Defendant's § 2255 motion faces the preliminary hurdle of the one-year limitations period in § 2255. *See* § 2255(f). On October 28, 2011, this Court entered judgment (CR Doc. 34) on Defendant's criminal conviction. Because Defendant did not appeal the judgment, his conviction became final and the limitations period began to run fourteen days later, in mid-November, 2011. *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) (dictum); *United States v. Garcia-Roman*, 466 F. App'x 750, 750 (10th Cir. 2012). Defendant filed his § 2255 motion approximately twenty months after his conviction became final.

Typically, the Court raises the time bar to a § 2255 motion *sua sponte* and allows the defendant an opportunity to respond. Here, however, Defendant's motion expressly addresses the timeliness issue. Defendant makes a two-part argument that 1) a rule announced in a recent Supreme Court decision effectively established this Court's lack of subject matter

jurisdiction--and Defendant's resulting actual innocence--of the criminal charges against him, and 2) a subsequent decision announced (or restated) that a defendant's showing of actual innocence allows avoidance of the original one-year limitations period in order to prove an underlying constitutional claim. Defendant argues that, under these recent decisions, his motion is timely filed.

Defendant was convicted of coercion and enticement, by use of the mail or any means of interstate commerce, of a minor to engage in sexual activity and attempted production of visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2422(b), 2251(a), and 2256. He now contends that § 2422(b) is unconstitutional because sexual activity "is in no sense an economic activity that might, through repetition elsewhere, substantially affect any sort of interstate commerce." *National Federation of Independent Business v. Sebelius,* 132 S. Ct. 2566, 2624 (2012) (Ginsburg, J., concurring in part and dissenting in part) (quoting *United States v. Lopez,* 514 U.S. 549, 567 (1995) (Kennedy, J., concurring)).

The Court notes that *National Federation* deals with the Affordable Care Act and makes no ruling as to § 2422(b). Defendant asserts, nonetheless, that the *National Federation* decision stands for the analogous proposition that Congress exceeded its power under the Commerce Clause in enacting § 2422(b), and thus the Court did not have subject matter jurisdiction of his criminal prosecution. Therefore, he argues, under the ruling in *National Federation* he is actually innocent.

Defendant is not the first to make a challenge under the Commerce Clause to a conviction for sexual enticement of a minor. As stated recently by another United States District Court in a very similar § 2255 proceeding, Defendant's legal position is "that Congress' regulation of commerce presupposes commercial activity [and thus] § 2422(b)'s [prohibition of] 'other sexual

activity' exceeds Congress' power under the Commerce Clause since such activity is not commercial in nature, thereby establishing his 'actual innocence' of the § 2422(b) charge." *Parnell v. United States*, No. CIV 13-0343-WS-C; CR 08-0280-WS, 2013 WL 4027763, at *3 (S.D. Ala. Aug. 6, 2013).

The court in *Parnell*, however, found the argument "specious," *id.* at *4, concluding that the prohibition in "§ 2422(b) does not exceed Congress' power under the Commerce Clause," *id.* (citing *United States v. Slaughter,* 708 F.3d 1208, 1211 n. 1 (11th Cir.), *cert. denied,* 133 S. Ct. 2868 (2013)); *and cf. United States v. Thomas*, 410 F.3d 1235, 1244 (10th Cir. 2005) (upholding constitutionality of § 2422 against "overbreadth" challenge). "[T]here is no question but that *National Federation* did not change the constitutional validity of 18 U.S.C. § 2422(b)." *Parnell v. United States*, 2013 WL 4027763, at *5. The cited decisions clearly support § 2422(b)'s prohibition of sexual enticement of a minor as a proper exercise of legislative power under the Commerce Clause, and this Court therefore had subject matter jurisdiction of Defendant's criminal proceeding. Defendant's motion fails to establish his actual innocence of the criminal charges against him.

Defendant's second argument is moot. He contends that, even though he filed his § 2255 motion after the original limitations period expired, his "actual innocence . . . serves as a gateway through . . . the impediment . . . of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Because Defendant has not established his actual innocence, the limitations period applicable to his § 2255 motion accrued in 2011 when his conviction became final and not when the Supreme Court decided *National Federation* in 2012. *Cf. Parnell v. United States*, 2013 WL 4027763, at *2, *5. Defendant failed to raise his claims timely, and the Court will dismiss the § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 37) filed on July 1, 2013, is DISMISSED with prejudice as untimely filed; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE